Approved: _Jacqueline Kelly_ (signature)
JACQUELINE C. KELLY
Assistant United States Attorney

Before:    THE HONORABLE JUDITH C. MCCARTHY
           United States Magistrate Judge
           Southern District of New York

------------------------------------x  17mj7893

UNITED STATES OF AMERICA          :    **COMPLAINT**

                - v. -            :    Violations of
                                       18 U.S.C. § 912
WILSON CEDILLO,                   :
     a/k/a "Willy,"                    COUNTY OF OFFENSE:
                                  :    WESTCHESTER
           Defendant.
                                  :

------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   DAVID M. NOORDELOOS, being duly sworn, deposes and says that he is a Special Agent with the Diplomatic Security Service ("DSS"), and charges as follows:

COUNT ONE

   In or about May 2017, in the Southern District of New York and elsewhere, WILSON CEDILLO, a/k/a "Willy,"the defendant, knowingly and willfully did falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, and did act as such, to wit, CEDILLO posed as a Secret Service agent capable of completing an official background check for a prospective employee.

   (Title 18, United States Code, Section 912.)

   The bases for my knowledge and the foregoing charge are, in part, as follows:

   1.   I am a Special Agent with DSS, and I have been personally involved in the investigation of this matter.  This affidavit is based upon my conversations with law enforcement agents, witnesses, and others and my examination of reports and records.  Because this affidavit is being submitted for the

limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with an individual ("Victim-1") who told me, in substance and in part, the following:

a. On or about May 13, 2017, Victim-1 met WILSON CEDILLO, a/k/a "Willy," the defendant, while Victim-1 was working at a cellphone store ("Store-1") in a shopping mall in Yorktown, New York ("Shopping Mall-1"). While at Store-1 to purchase a cellphone and tablet, CEDILLO told Victim-1 that he was an agent with the Secret Service and displayed what appeared to be a gold-colored government badge as well what appeared to be an United States Government employee identification card.

b. During the same conversation, Victim-1 told CEDILLO that Victim-1 had recently applied for an internship with the State Department and was waiting for a background investigation to be completed.

c. CEDILLO then left Store-1 for approximately ten minutes. When CEDILLO returned, he told Victim-1 that he needed to question Victim-1 regarding the internship. CEDILLO provided his phone number to Victim-1 and stored it in Victim-1's cellphone under the name "Willy." CEDILLO directed Victim-1 to meet with him that evening at the cafeteria of Shopping Mall-1.

d. Later that evening, CEDILLO and Victim-1 met at the cafeteria. CEDILLO then suggested that they change location because Victim-1 knew too many people at Shopping Mall-1. CEDILLO suggested they instead see a movie, smoke marijuana, drink alcohol, or go shopping together. Victim-1 declined these suggestions and instead suggested they go to a restaurant in West Nyack, New York ("Restaurant-1").

e. At Restaurant-1, CEDILLO told Victim-1 about his employment as a Secret Service Agent and offered to pay for Victim-1's expenses to travel to Washington, D.C. CEDILLO also raised several other topics of conversation, including, among other things, his income and his relationships with women, and placed his hand on Victim-1's back. Based on the conversation and CEDILLO's demeanor, Victim-1 stopped the meeting and used a cellphone to take a photograph of CEDILLO.

    f. In or about May 2017, Victim-1 reported the May 13, 2017 incident to a professor at Victim-1's school. The incident was later reported in or about October 2017 to the Diplomatic Security Service at the Department of State. Victim-1 provided the photograph taken of CEDILLO to law enforcement along with the complaint.

    3. Based on my review of New York state records, including the driver's license photograph of WILSON CEDILLO, a/k/a "Willy," the defendant, I believe that the individual in the photograph taken by Victim-1 is CEDILLO.

    4. I have also spoken with an individual ("Victim-2"). Victim-2 identified a photograph of WILSON CEDILLO, a/k/a "Willy," the defendant, as an individual Victim-2 knew as "Willy" from prior interactions at a liquor store in Mahopac, New York ("Store-2"). Victim-2 knew "Willy" to live at an apartment nearby Store-2, which he described and identified. Victim-2 further told me, in sum and substance, the following:

    a. In or about October 2017, CEDILLO, a/k/a told Victim-2 that he was a retired agent with the Secret Service. Specifically, Victim-2 observed CEDILLO pulled over in a vehicle during a traffic stop near Store-2. Following the traffic stop, CEDILLO told Victim-2 that he was not ticketed because he was a retired law enforcement agent with the Secret Service. CEDILLO displayed what appeared to be an official Secret Service identification card to Victim-2.

    5. On or about October 23, 2017, while investigating the allegations set forth above, I and other law enforcement officers located WILSON CEDILLO, a/k/a "Willy," the defendant, at the residence in Mahopac, New York identified by Victim-2. The residence is an apartment in a two-story building; the first floor is commercial space and the second floor contains two apartments. After encountering a resident of the building ("Individual-1") outside the building, I and the other law enforcement officers inquired whether Individual-1 knew someone named "Willy" at the address. Individual-1 informed us that an individual named "Will" lived in Individual-1's apartment. Individual-1 then granted us permission to enter the apartment and identified which room the individual named "Will" rented.

    6. After we entered the apartment, Individual-1 knocked on the door identified as being the room rented by "Will." The individual who answered the door was not WILSON CEDILLO, a/k/a "Willy," the defendant. Individual-1 then informed us that another individual named "Willy" lived at the

3

apartment and identified which room "Willy" rented. After Individual-2 knocked on the door of that room, CEDILLO opened the door and permitted us to enter. We informed CEDILLO that we were law enforcement officers and that the purpose of the visit was related to his use of Secret Service identification. CEDILLO agreed to speak to us and provided verbal consent to search the apartment. Based on the voluntary statement made by CEDILLO, I have learned the following, in substance and in part:

      a. CEDILLO admitted that he was not a member of the Secret Service and that he possessed counterfeited Secret Service identification documents that he purchased online. CEDILLO removed a counterfeited Secret Service identification card from his wallet and provided it to me.

      b. CEDILLO also stated that he had a badge located in a safe in the room, and opened the safe by entering a digital code. One of the law enforcement agents then located and seized the badge. The badge was gold-colored and affixed to a black wallet. It was marked "U.S. Secret Service, Uniformed Division" at the top of the badge and "Officer" at the bottom of the badge. The safe also contained a chain inside a plastic bag marked "Leather Badge Holder," and a belt-clip.

      7. Based on my conversations with other law enforcement agents and my review of Secret Service records, I know that WILSON CEDILLO, a/k/a "Willy," the defendant, is not and has never been employed by the Secret Service.

WHEREFORE, deponent respectfully requests that WILSON CEDILLO, a/k/a "Willy," the defendant, be imprisoned, or bailed, as the case may be.

_____
DAVID M. NOORDELOOS
Special Agent
State Department

Sworn to before me this
24th day of October, 2017

_____
THE HONORABLE JUDITH MC. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK